1
2
3                                                                    O
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10
11   EMILIO CASTANEDA TIRADO,           Case No.  EDCV-17-00125-SVW (KES)
12            Petitioner,
13        v.                            ORDER SUMMARILY DISMISSING
                                        HABEAS PETITION
14   DAVID SHINN, Warden,
15            Respondent.
16

17        On January 25, 2017, Emilio Castaneda Tirado ("Petitioner") filed a Petition

18   for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C.

19   § 2241 ("Petition").  (Dkt. 1.)  As more fully explained below, the present Petition

20   must be summarily dismissed because Petitioner is not challenging the legality of

21   his confinement.

22        Initially, the Court notes that, although Petitioner has utilized the form for

23   filing a habeas petition under 28 U.S.C. § 2241, the Petition would actually be

24   subject to 28 U.S.C. § 2255 because Petitioner is a "prisoner in custody under

25   sentence of a court established by Act of Congress…."  28 U.S.C. § 2255(a), if he

26   were seeking habeas relief.  Petitioner pled guilty to attempted reentry of a removed

27   alien under 8 U.S.C. § 1326 and was sentenced to a term of 27 months followed by

28
                                         1

2 years of supervised release. (Dkt. 1 at 2 ¶ 3.) <u>See</u> <u>also</u> <u>United States v.</u> <u>Castaneda-Tirado</u>, CR-14-3619-DMS-1 (S.D. Cal. Apr. 10, 2015). Under Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts the Court "must" dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief…."

The Petition alleges that prison authorities have refused to provide Petitioner with a prosthetic leg, thereby inflicting "willful and malicious injury" on him and committing "gross negligence." (Dkt. 1 at 3-4.) He points to language in his criminal judgment, wherein the sentencing court stated: "The Court <u>STRONGLY</u> recommends that the defendant be placed in a Federal Medical Center and that he be treated for his mental and physical condition. In <u>ADDITION</u> that the defendant be fitted with a prosthetic leg." (<u>Id.</u> at 8.) <u>See</u> <u>also</u> <u>Castaneda-Tirado</u>, CR-14-3619-DMS-1, Dkt. 23 at 2.

"Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement." <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973)). "A civil rights action, in contrast, is the proper method of challenging 'conditions of ... confinement.'" <u>Id.</u> (citing <u>Preiser</u>, 411 U.S. at 498-99).

The gravamen of Petitioner's claims is that he has received inadequate medical care in prison. This concerns the conditions of his confinement, rather than the legality or duration of his confinement. In other words, if Petitioner ultimately proved that he had received inadequate medical care, he might be entitled to damages or injunctive relief, but such a finding would not affect the length of his sentence. <u>See</u> <u>Crawford v. Bell</u>, 599 F.2d 890, 892 (9th Cir. 1979) (affirming dismissal of habeas petition where "[t]he appropriate remedy for [the alleged] constitutional violations, if proven, would be a judicially mandated change in the conditions and/or an award of damages, but not release from confinement"). Thus, he is not seeking relief that he could obtain in a habeas action.

2

He might be able seek relief by filing a civil lawsuit under <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), which "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court…." <u>Carlson v. Green</u>, 446 U.S. 14, 18 (1980); <u>see</u>, <u>e.g.</u>, <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994) (analyzing <u>Bivens</u> suit against federal prison officials alleging inadequate medical care). Claims that a prisoner has received inadequate medical care are governed by the Eighth Amendment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). To prevail, a prisoner must show that prison officials were "deliberately indifferent" to his medical needs, that the deprivation of medical care was objectively serious, and that the defendant knew of and disregarded a substantial risk of serious harm to the prisoner's health or safety. <u>See</u> <u>Farmer</u>, 511 U.S. at 835-37 (1994); <u>Johnson v. Meltzer</u>, 134 F.3d 1393, 1398 (9th Cir. 1998). However, to the extent Petitioner is able to seek such relief, he must do so in a new civil action.

IT IS THEREFORE ORDERED that this action be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 and 2255 Cases in the United States District Courts. This dismissal is without prejudice to Petitioner filing a new civil rights action based on the same factual allegations. If Petitioner wishes to do so, he should utilize the form attached to this Order as Exhibit A and review the form instructions attached as Exhibit B.

DATED: February 2, 2017

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
United States Magistrate Judge

3